**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**SOUTHVIEW HOSPITAL**

                **Plaintiff,**

-vs-

**THE HEALTH BENEFITS PLAN FOR THE**
**EMPLOYEES OF LEGACY MINISTRIES**
**INTERNATIONAL, INC.**

                **Defendant.**

Case No. 3:06-cv-063

Judge Thomas M. Rose

**ENTRY AND ORDER OVERRULING SOUTHVIEW'S MOTION TO STRIKE (Doc. #8)**

Now before the Court is Plaintiff Southview Hospital's ("Southview's") Motion To Strike the Answer (doc #8) filed by Defendant The Health Benefits Plan for the Employees of Legacy Ministries International, Inc. (the "Plan"). Southview's Amended Complaint was filed in the Court of Common Pleas of Montgomery County, Ohio, on February 17, 2006. On March 10, 2006, the Plan removed Southview's Complaint to this Court. The Plan then filed its Answer to Southview's Amended Complaint on June 1, 2006.

The basis for Southview's Motion To Strike is Fed.R.Civ.P. 12(a)(1)(A). Federal Rule of Civil Procedure Rule 12(a)(1)(A) provides a defendant with twenty days after being served with a complaint to answer. However, while the Plan does not argue that the Amended Complaint has not been served, this Court is unable to determine from the record if or when the Plan was served with Southview's Amended Complaint.[1]

---

[1] The record includes a copy of a Notice of Default issued by the Court of Common Pleas of Montgomery County, Ohio. This Notice is, however, not helpful because it refers to a Complaint and not to an Amended Complaint and the date of filing of the Notice is not legible.

The Plan opposes Southview's Motion To Strike because it was allegedly operating under an "indefinite extension of time" to file its Answer. However, only the Court could grant such an extension and there is also no evidence presented that the Parties reached such an agreement.

The Plan also argues that Southview has not sought the proper remedy for failing to file an answer in a timely fashion. On this the Plan is correct. The remedy Southview seeks is to strike the Plan's Answer while the proper remedy is default judgment. See *McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D.Nev. 2002).

Southview's Motion To Strike is OVERRULED. The Court does not have proof before it of when Southview's Amended Complaint was served or if it was even served. Also, the remedy Southview seeks is not the appropriate remedy for failing to timely Answer. Finally, the Plan has, as of June 1, 2006, answered Southview's Amended Complaint.

**DONE** and **ORDERED** in Dayton, Ohio, this Nineteenth day of July, 2006.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record