**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**SOUTHVIEW HOSPITAL,**

                    **Plaintiff,**

-vs-

**THE HEALTH BENEFITS PLAN
FOR THE EMPLOYEES OF LEGACY
MINISTRIES INTERNATIONAL, INC.,**

                    **Defendant.**

**Case No. C-3-06-063**

**Judge Thomas M. Rose**

___

**ENTRY AND ORDER OVERRULING THE HEALTH BENEFITS PLAN
FOR THE EMPLOYEES OF LEGACY MINISTRIES
INTERNATIONAL'S MOTION TO DISMISS (Doc. #14)**
___

This is an ERISA claim brought by Plaintiff Southview Hospital ("Southview") against Defendant The Health Benefits Plan for the Employees of Legacy Ministries International, Inc. (the "Benefit Plan"). Southview claims that the Benefit Plan failed to properly pay Southview's claim for benefits for services that Southview provided to patient Eugene Rhoden.

Now before the Court is the Benefit Plan's Motion To Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. #14.) Southview has responded. The time for a reply has run and none was submitted. The standard of review for motions to dismiss will first be set forth followed by an analysis of the Benefit Plan's Motion.

**STANDARD OF REVIEW**

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the

complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to

dismiss. *Id.*; see also Wright & Miller, *supra*, §1357. Having set forth the standard of review, the analysis turns to the Benefit Plan's motion.

## ANALYSIS

The Benefit Plan seeks dismissal of Southview's claim because Southview has allegedly both failed to plead exhaustion of the administrative remedies and has failed to exhaust the administrative remedies provided in the Group Health Services Agreement. Southview responds that it attempted to exhaust the administrative remedies but was prevented from doing so.

As an initial matter, the Benefit Plan argues that Southview has failed to plead exhaustion of administrative remedies. However, Southview has done so. Paragraph 13 of Southview's Amended Complaint says, "Upon information and belief, Southview has exhausted any and all administrative remedies available under the plan."

Turning next to exhaustion, ERISA requires a participant to exhaust his or her administrative remedies before bringing suit in federal court. *Miller v. Metropolitan Life Insurance Co.*, 925 F.2d 979, 986 (6th Cir. 1991). However, the ERISA guidelines also provide that when a plan fails to establish or follow claims procedures consistent with ERISA requirements, a claimant is deemed to have exhausted the administrative remedies available under the plan. 29 C.F.R. § 2560.503-1(l).

In this case, the Benefit Plan refers to its administrative review provisions but has not provided evidence thereof. Therefore, the Court is unable to determine if the Benefit plan has established administrative remedies as required by ERISA.

If the Benefit Plan does have administrative remedies, Southview argues that it was prevented from complying with them. Southview then presents an unanswered argument as to how it was prevented from complying with the alleged administrative remedies.

Southview argues that its claim for medical services was billed to ACMG, the Benefit Plan's agent and third party administrator. The billed medical services had been provided to Eugene Rhoden, a Benefit Plan participant.

On August 30, 2004, ACMG sent Southview an Explanation of Benefits ("EOB") that identifies the services provided and details the formula used by the Benefit Plan in processing and paying the claim. The EOB identifies the group name as Dayton Christian Schools.

Southview argues that it determined that the claim was underpaid and unsuccessfully attempted to address the underpayment. The matter was then turned over to Southview's counsel who sent an appeal letter dated April 14, 2005, to ACMG at 2570 Technical Drive, Miamisburg, OH 45342. This appeal letter indicated that the payment issue was being disputed and identified the plan as being sponsored by the Dayton Christian Schools. This appeal letter also identifies the Policy Number.

ACMG did not respond to this initial letter and a follow up letter was sent by Southview on April 25, 2005 to the same address. When ACMG again failed to respond, a letter was sent on September 28, 2005 to Dayton Christian Schools, Inc. Cafeteria Plan to the attention of the plan sponsor as 325 Homewood Avenue, Dayton, OH 45405. Neither ACMG nor Dayton Christian Schools responded.

Southview then initiated this lawsuit which was initially against Dayton Christian Schools, Inc. Cafeteria Plan which is the plan identity listed on the Form 5500 filed with the Internal Revenue Service. Service was obtained at 325 Homewood Avenue, Dayton, OH 45405.

After service was obtained, the Benefit Plan's counsel notified Southview's counsel that the proper identity of the plan was the Health Benefits Plan for the Employees of Legacy Ministries International, Inc. (the "Benefit Plan"). Southview's Complaint was then amended to reflect the Benefit Plan as the Defendant. The address listed in the plan document provided by the Benefit Plan is 325 Homewood Avenue, Dayton, OH 45405.

The Benefit Plan has not sustained its burden to show beyond doubt that Southview can prove no set of facts in support of its claim which would entitle it to relief. The argument presented by Southview shows that the Benefit Plan was able to correctly determine that Southview's lawsuit was against it and, therefore, knew or should have known that Southview's appeal was applicable to it.

There is additional argument that the Benefit Plan had adequate notice of Southview's claim. ACMG identified the plan's sponsor as the Dayton Christian Schools with an address at 325 Homewood Avenue. The Benefit Plan shares this same address, and this is one of the addresses to which Southview appealed. The Benefit Plan has not responded to any of Southview's arguments.

There is unrefuted argument that Southview attempted to exhaust the alleged administrative remedies but was prevented from doing so. Therefore, the Benefit Plan has not sustained its burden to show beyond doubt that Southview can prove no set of facts in support of

its claim which would entitle it to relief. As a result, the Benefit Plan's Motion To Dismiss is OVERRULED.

      **DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Third day of October, 2006.

                                                  s/Thomas M. Rose

                                     _____
                                                THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record